UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEITH R. McCANTS,

    Plaintiff,

    v.                                              CAUSE NO. 3:23-CV-746-DRL-MGG

D. WARDLOW,

    Defendant.

OPINION AND ORDER

Keith R. McCants, a prisoner without a lawyer, filed an amended complaint alleging he was housed in unconstitutional conditions at the Indiana State Prison. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. McCants alleges Major D. Wardlow was deliberately indifferent to the unconstitutional conditions of his cell. He alleges Major Wardlow had actual knowledge that he was living in a cell infested with cockroaches, mice, and their excrement. He alleges these conditions caused him to suffer bug bites, breathing problems, severe headaches, chest pain, itching, dizziness, and scars.

The Eighth Amendment requires prison officials to "provide humane conditions of confinement[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* at 834. The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotations omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (when inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). The allegations in this complaint state a claim against Major Wardlow.

For these reasons, the court:

(1) GRANTS Keith R. McCants leave to proceed against Major D. Wardlow in his individual capacity for compensatory and punitive damages for being deliberately

indifferent to a cockroach and mouse infestation in his cell at the Indiana State Prison in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Major D. Wardlow at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 8);

(4) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), Major D. Wardlow to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 9, 2024                                  *s/ Damon R. Leichty*
                                             Judge, United States District Court